IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| WILLIAM BILLY TAYLOR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 1:13CV39 |
| v. | ) | 1:08CR211-1 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, William Billy Taylor, a federal prisoner, brings a Motion [Doc. #56] to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, which Respondent opposes. Petitioner also filed what the Court docketed as a Supplement [Doc. #58], as well as three later Motions to Amend [Doc. #70, #71, #74], which the Court will grant to the extent that all of Petitioner's contentions will be considered.

Petitioner pled guilty to one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) and one count of possession of a short-barreled shotgun in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(B)(i). Petitioner received a sentence of 170 months imprisonment for the drug conviction based on his status as a career offender under USSG § 4B1.1, and a consecutive 120 months imprisonment for the firearm conviction. In his Motion and other filings, Petitioner challenges his status as a career offender based on United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).

In considering Petitioner's claims, the Court notes that Petitioner's claims are all allegations of error in the calculation of Petitioner's advisory sentencing range under the United States Sentencing Guidelines. The United States Court of Appeals for the Fourth Circuit recently held that a challenge to a career offender designation based on <u>Simmons</u> is not the type of alleged sentencing error that is cognizable on collateral review. <u>United States v. Foote</u>, 784 F.3d 931, 943 (4th Cir. 2015), <u>cert. denied</u>, ___ U.S. ___, 135 S. Ct. 2850 (2015) (concluding that the petitioner's erroneous "career offender designation was not a fundamental defect that inherently results in a complete miscarriage of justice."). Therefore, Petitioner's claims in this case are not cognizable in this collateral review proceeding.

In his Motions to Amend, Petitioner seeks to add a claim challenging the career offender enhancement under <u>Johnson v. United States</u>, ___ U.S. ___, 135 S. Ct. 2551 (2015). Specifically, Petitioner contends that his prior conviction for Larceny From the Person is no longer a predicate "crime of violence" based on <u>Johnson</u>. However, the Court notes that even if <u>Johnson</u> applied to career offender challenges on collateral review, the <u>Johnson</u> challenge raised by Petitioner would not provide a basis for relief in this case because <u>Johnson</u> would not affect Petitioner's remaining predicate convictions for Possession With Intent to Sell and Deliver Cocaine and Breaking and Entering, which were predicate convictions listed in his Presentence Report as supporting the career offender enhancement. <u>Cf.</u> <u>United States v. Mungro</u>, 754 F.3d 267, 272 (4th Cir. 2014) (holding that North Carolina breaking and entering convictions are violent felonies not under the residual clause at issue in <u>Johnson</u>, but instead because they are categorically within the enumerated offense of burglary). Although Petitioner seeks to challenge those two predicate convictions based on <u>Simmons</u>, that challenge is not

cognizable on collateral review, based on the Fourth Circuit's decision in Foote, as discussed above.[1]  Therefore, Petitioner's § 2255 Motion should be dismissed.

The Court previously entered an Order [Doc. #67] holding this matter in abeyance while Foote was pending.  However, that stay should now be lifted and Petitioner's Motion should be denied.

IT IS THEREFORE ORDERED that Petitioner's Motions to Amend [Doc. #70, #71, #74] are granted to the extent that all of Petitioner's contentions have been considered.

IT IS RECOMMENDED that the previous stay based on Foote be lifted, that Petitioner's Motion [Doc. #56] to vacate, set aside or correct sentence, as supplemented and amended, be denied, and that this action be dismissed.

This, the 27th day of June, 2016.

/s/ Joi Elizabeth Peake
United States Magistrate Judge

---

[1] The Government also contends that Petitioner's claim is barred by an appeal and collateral review waiver included in his plea agreement and by the applicable statute of limitations.  These arguments would also defeat Petitioner's § 2255 Motion.  See Beckham v. United States, 592 F. App'x 223 (4th Cir. Feb. 9, 2015) (unpublished) (affirming the denial of a Simmons claim based on a plea agreement's waiver of collateral review rights); Whiteside v. United States, 775 F.3d 180, 187 (4th Cir. 2014) (en banc) (holding that Simmons did not create an exception to the applicable statute of limitations).