IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | 1:08CR211-1 |
| | ) | |
| WILLIAM BILLY TAYLOR | ) | |

**MEMORANDUM ORDER**

Before the court are several filings by *pro se* Defendant William Billy Taylor challenging this court's order granting his prior motion for reduced sentence under the First Step Act. (Docs. 104, 105, 106, 107.) While the court was considering the filings, Taylor filed a notice of appeal to the Fourth Circuit. (Doc. 115.) The filing of the notice of appeal complicates the resolution of the pending motions, as the court has had to consider the extent, if any, the appeal divests this court of jurisdiction to decide the present motions. For the reasons set forth below, the court concludes it retains jurisdiction to reach the motions, which will be denied, except as to the extent the motions seek reconsideration, and as to that the court will indicate how it would intend to rule pending the outcome of Taylor's appeal.[1]

I.  **BACKGROUND**

This case arose from Taylor's September 2008 plea of guilty to one count of possession with intent to distribute 20.1 grams of

---

[1] In attempting to make this assessment, the court has attempted to discern the scope of the appeal based on the parties' appellate briefing, but none is filed of record to date.

cocaine base ("crack"), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and one count of possession of a short-barreled shotgun in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). (Doc. 33 at 1.) In May 2009, after finding that Taylor was a career offender under U.S. Sentencing Guideline 4B1.1, this court granted Taylor's request for a downward variance and sentenced him to 170 months of imprisonment on the § 841 count and a consecutive 120 months of imprisonment on the § 924(c) count, for a total of 290 months of imprisonment, and four years of supervised release. (Id. at 2-3.) Taylor appealed, and the Fourth Circuit affirmed. United States v. Taylor, 361 F. App'x 463 (4th Cir. 2010). He has since filed multiple motions attacking his sentence. (Docs. 44, 56, 70, 71, 74, 83.)

Pertinent here, in February 2019, Taylor filed a motion for reduction in sentence pursuant to Section 404 of the First Step Act of 2018. (Doc. 93.) The court appointed Taylor counsel, who argued that even though Taylor was no longer a career offender, which would give him a sentencing guideline range of 51-63 months, the court was not bound to treat him as such. (Doc. 101 at 3-4.) Taylor agreed with the probation officer's calculation of his guideline range as a career offender: 151-188 months, plus 120 months consecutive for the gun count under § 924(c). (Id. at 1.) Yet counsel urged the court to consider the change in law -- that would render Taylor no longer a career offender if sentenced today

2

-- in exercising its discretion. (Id. at 4.) Consequently, Taylor requested a sentence on the § 841 count of "no less than 63 months and no more than 100 months," as well as a term of supervision of three years. (Id. at 1-4, 6.)

In June 2019, this court granted Taylor's motion and reduced his sentence on the § 841 count from 170 months imprisonment to 100 months imprisonment.[2] (Doc. 102.) In so doing, the court stated that it considered both the statutory provisions and the advisory sentencing range under the U.S. Sentencing Guidelines that would have applied had the Fair Sentencing Act been in effect; the sentencing factors under 18 U.S.C. § 3553(a); the determinations and findings made at the original sentencing, including the fact that the court took into account at that time the disparity between punishment for crack cocaine versus cocaine hydrochloride; Taylor's conduct in prison, particularly his lack of infractions and the 887 hours of educational courses he completed; the position papers of the Government and Taylor; and the fact that under current law Taylor would not be a career offender. (Doc. 103.) Taylor did not appeal.

---

[2] The court's statement of reasons, consistent with Taylor's agreement, calculated his guideline range as a career offender. (Doc. 103.) Neither Taylor nor the court had the benefit of the Fourth Circuit's subsequent decision, some seven months later, in United States v. Chambers, 956 F.3d 667 (4th Cir. 2020), holding that on resentencing under the First Step Act a district court must calculate the sentencing guideline range as a non-career offender where subsequent law would require it.

3

Taylor now brings four motions. In his first motion, Taylor seeks a "second reduction" pursuant to the First Step Act, following this court's grant of his First Step Act request (Doc. 102) because, among other reasons, he would no longer be a career offender due to changes in the law following his initial sentencing. (Doc. 104.) His next motion is styled a "Motion for Reconsideration in Light of Section 54(b)" and seeks reconsideration of the court's prior order granting his First Step Act motion. (Doc. 105.) That is followed by his "Motion to Amend Reconsideration" in which he seeks to amend Docket Entry 105 to add grounds. (Doc. 106.) Finally, Taylor filed a motion styled "Section 1361 Mandamus in Light of Rule 12," which makes references to the court's jurisdiction but repeats his contention that he is no longer a career offender. (Doc. 107.) As one can see, common to all of these filings is Taylor's contention, based on citations to multiple federal statutes and rules, that he is eligible for a sentence reduction under the First Step Act because he no longer qualifies as a career offender. (See, e.g., Doc. 104.) The Government has moved to dismiss his filings as an impermissible second request for relief under the First Step Act. (Doc. 114.) Subsequent to these filings, by notice signed January 27, 2021, Taylor filed notice of appeal as to this court's order (Doc. 102) dated June 20, 2019 and filed June 24, 2019. (Doc. 115).

4

## II. ANALYSIS

As a threshold matter, the court must decide whether it maintains jurisdiction given Taylor's appeal. Generally, a notice of appeal divests the district court of jurisdiction over a case. See Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982). However, a district court retains jurisdiction over matters that would aid in the appeal. See Fobian v. Storage Technology Corp., 164 F.3d 887, 890 (4th Cir. 1999); Grand Jury Proceedings Under Seal v. United States, 947 F.2d 1188, 1190 (4th Cir. 1991). "In such circumstances, the district court may consider a motion that would aid in an appeal by denying it or issuing a short memorandum informing the court of appeals of its intention to grant the pending motion." Tompkins v. Herron, No. 1:10-CV-978, 2012 WL 12885080, at *1 (M.D.N.C. July 11, 2012), aff'd, 490 F. App'x 568 (4th Cir. 2012) (citations omitted). This practice is codified in Federal Rule of Criminal Procedure 37, which provides that where the court lacks the authority to grant a timely motion for relief because of a pending appeal, it may defer consideration of the motion, deny the motion, or state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue. See Fed. R. Crim. P. 37(a); United States v. Bunch, 828 F. App'x 185 (4th Cir. 2020) ("'Generally, a timely filed notice of appeal transfers jurisdiction of a case to the court of appeals and strips

5

a district court of jurisdiction to rule on any matters involved in the appeal.'  Because Bunch's prior appeal was pending before us, the district court lacked the authority to grant Bunch's motion, but the court was permitted to defer considering the motion, deny the motion, or issue an indicative ruling." (quoting Doe v. Pub. Citizen, 749 F.3d 246, 258 (4th Cir. 2014))).[3]

Here, Taylor's common contention in all his filings is that he is eligible for a sentence reduction because he no longer qualifies as a career offender.  Consideration of his motions at this juncture would be "in aid of the appeal."  See Fobian, 164 F.3d at 890.  Further, in line with Rule 37(a) and for reasons discussed below, the court will deny Taylor's filings to the extent they are construed as a second First Step Act motion, as a motion for compassionate release, or for relief under 28 U.S.C. § 2255 or § 2241.  See Fed. R. Crim. P. 37(a).

Taylor styles one of his requests as a second First Step Act motion.  (See Doc. 104 ("I am writing his honor this letter in regards to my receiving a second sentence reduction immediately after the reduction that was granted me by you on **June 24, 2019** pursuant to the **FIRST STEP ACT**." (emphases in original)).)  The Government argues that the First Step Act prohibits multiple

---

[3] Unpublished opinions of the Fourth Circuit are not precedential but can be cited for their persuasive, but not controlling, authority.  See Collins v. Pond Creek Mining Co., 468 F.3d 213, 219 (4th Cir. 2006).

6

sentence reductions.  (Doc. 114 at 6-7.)  The Government is correct.

Section 404(c) of the First Step Act provides, in relevant part: "No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010."  First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, § 404(c); see also United States v. Day, 474 F. Supp. 3d 790, 796-97 (E.D. Va. 2020) ("To be eligible for a discretionary sentence reduction under § 404 of the First Step Act, a defendant must . . . not [have] previously filed a motion pursuant to § 404 that was granted or denied on its merits after a complete review.").  This court previously reduced Taylor's sentence as a result of his initial First Step Act motion, and the statute prohibits a second such motion.  The court therefore denies that request on that ground.

Certain of Taylor's filings could be construed as a motion for reconsideration of the court's June 2019 order.  (See Docs. 105, 106.)  The court must consider whether it has the authority to entertain a request for reconsideration in this criminal case. As an initial matter, and because this is a criminal case, Taylor's references to the Federal Rules of Civil Procedure are inapposite. Rather, the Fourth Circuit has noted that "we have previously prohibited 18 U.S.C. § 3582(c)(2)-based motions for

7

reconsideration." United States v. May, 855 F.3d 271, 274 (4th Cir. 2017), cert. denied, 138 S. Ct. 252 (2017) (citing United States v. Goodwyn, 596 F.3d 233, 234 (4th Cir. 2010)). However, the Fourth Circuit in May clarified that "the prohibition on § 3582(c)(2)-based motions for reconsideration is not based on a limitation that Congress has clearly ranked as jurisdictional. Rather, it is implied from § 3582(c)(2)'s silence on a district court's authority to grant motions for reconsideration, coupled with sentence finality interests and 'the clear intent of § 3582 . . . to *constrain* postjudgment sentence modifications.'" Id. at 275 (quoting Goodwyn, 596 F.3d at 235–36). The Fourth Circuit therefore concluded that "the rule is the same for both purely successive § 3582(c)(2) motions and § 3582(c)(2)-based motions for reconsideration: A defendant cannot obtain relief on the basis of such motions, but this prohibition is non-jurisdictional and thus subject to waiver." Id.

Taylor's motion for relief under the First Step Act is authorized by 18 U.S.C. § 3582(c)(1)(B), as the modification of the term of imprisonment is permitted by statute –- the First Step Act. There is no indication that any different rule would apply to the jurisdictional/waiver consideration in this context.[4] While

---

[4] The Fourth Circuit, in an unpublished opinion, has recently cited to May in the context of a First Step Act motion for reconsideration. See United States v. Harriot, 831 F. App'x 92, 93 n* (4th Cir. 2020) ("We conclude that [Defendant's First Step Act] motion was properly before

8

the Government clearly opposes any second motion for relief under the First Step Act, it does not state whether this objection encompasses an objection to relief based on a <u>reconsideration</u> of the court's order granting First Step Act relief. Therefore, should this case return to this court on remand from the Fourth Circuit, this court would provide the Government with an opportunity to clarify its position.

To the extent Taylor makes several references to the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A),[5] he has failed to properly invoke that remedy. (Docs. 106 at 2; 107 at 1.) In his "motion to amend reconsideration," he references the "extraordinary and compelling" standard in contending that he would no longer be a career offender. (Doc. 106 at 1.) But his earlier motion never sought relief on that ground.[6] Thus, this

---

the district court because the Government did not file an opposition to his motion for reconsideration." (citing <u>May</u>, 855 F.3d at 274)).

[5] This includes his multiple citations to <u>United States v. Urkevich</u>, No. 8:03CR37, 2019 WL 6037391 (D. Neb. Nov. 14, 2019), a compassionate release case.

[6] Taylor has also presented no evidence that he exhausted his administrative remedies by first petitioning the warden of his facility as required by the statute. <u>See</u> 18 U.S.C. § 3582(c)(1)(A) (requiring a defendant to either "fully exhaust[] all administrative rights to appeal" the Bureau of Prison's failure to bring a motion on the defendant's behalf or "the lapse of 30 days from the receipt of such a request by the warden," whichever is earlier); <u>United States v. Alam</u>, 960 F.3d 831, 836 (6th Cir. 2020) (noting that after "their initial petition to their wardens . . . prisoners can pursue administrative review. If that also comes up short (or if 30 days pass), prisoners have the option to go to federal court"). The court need not determine whether the Government waived objection to this failure because Taylor's original motion never

9

ground is denied without prejudice.

To the extent Taylor seeks relief as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, he must seek permission from the Fourth Circuit Court of Appeals because the current request would constitute a second or successive petition as required by 28 U.S.C. § 2255 and 28 U.S.C. § 2244. This is because the court's order reducing Taylor's sentence under § 3582 is not a new "judgment" subject to attack via a motion under § 2255. United States v. Sanders, 247 F.3d 139, 143-44 (4th Cir. 2001). Any claim attacking Taylor's career offender status under § 2255 must necessarily be an attack on his original judgment, which he already attacked in a prior § 2255 motion. Thus, any such claim is denied without prejudice to Taylor seeking the proper permission from the Fourth Circuit to file his successive motion. (See Docs. 75, 80, 81, 87, 90, 91); Farkas v. Butner, 972 F.3d 548, 555 (4th Cir. 2020); Lester v. Flournoy, 909 F.3d 708, 710-11 (4th Cir. 2018); 28 U.S.C. § 2255(h).

Finally, Taylor at times attempts to raise his challenge to his status as a career offender under 28 U.S.C. § 2241 and United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018). Unlike the petitioner in Wheeler, Taylor's career offender enhancement was calculated under an advisory version of the United States

---

sought this ground. This determination is without prejudice to any right Taylor may have to seek compassionate release.

Sentencing Guidelines, not a mandatory version. Therefore, he cannot raise a successful challenge to that enhancement under § 2241. See Lester, 909 F.3d at 715. Any attempted claim under § 2241 is denied.

## III. CONCLUSION

For the reasons stated,

IT IS THEREFORE ORDERED that Taylor's motions (Docs. 104-107) are DENIED except insofar as Docs. 104 and 105 seek reconsideration of the court's order (Doc. 102) on his First Step Act motion. Should this case return to this court on remand, this court will issue an order granting the Government time to file a response indicating whether it objects to this court's reconsideration.

/s/   Thomas D. Schroeder
United States District Judge

April 9, 2021